# United States District Court

# NORTHERN DISTRICT OF TEXAS

## 1100 Commerce Street, Room 1452

## Dallas, TX 75242

FILED-USDC-NDTX-DA
'26 AUG 28 AM11:35
ap

3-26CV2915-B

------------------------------------------------------------------------------- )
Ernest Henderson )
6640 Abrams #820151 )
Dallas, TX 75382 )
Plaintiff, )
V )

**ARLINGTON MUNICIPAL COURT** )
101 W ABRAM STREET )
ARLINGTON, TX 76010 )
**Presiding Judge:** Letty Evans )
**Associate Judge:** Danielle Dulaney )
**Associate Judge:** Bret Stidham )
Mayor of Arlington, TX )
Jim Ross
Chief of Police Al Jones )
R. Carlberg Unit 616 )
Melilick 3522 )
Murphy 3582 )
50-100 APD OFFICERS EFFORTS TO INTIMIDATE ERNEST )
HENDERSON )
7 OFFICERS WHO CREATED VIOLENT ATMOSPHERE )
)
U.S. Attorney for Northern District of Texas )
Ryan R. Raybould )
Earle Cabell Federal Building )
1100 Commerce St 3rd Floor, )
Dallas, TX 75242 )
)
**Phil Sorrells, District Attorney** )
401 West Belknap )
Fort Worth, Texas 76196 )

Frank Crowley Courts Building )
LB 19 Frank Crowley Courts Building, )
133 N Riverfront Blvd, )
Dallas, TX 75207 )
Amber Givens )
)
JACK EVANS HEADQUATERS )

1400 Botham Jean Blvd.,
Dallas, TX 75215.
Daniel C. Comeaux, CHIEF OF POLICE )
#11436 OR 114 )
4 OTHER WHITE MALE POLICE OFFICERS WITH HIM )
----------------------------------------------------------------------------------- )

**DUE PROCESS OF LAW, HEARING & JURY TRIAL:**

**JURY TRIAL,** A **jury trial** or **trial** by **jury** is a legal proceeding in which a **jury** either makes a decision or makes findings of fact, which then direct the actions of a judge. It is distinguished from a bench **trial**, in which a judge or panel of judges make all decisions.

"An orderly proceeding wherein a person is served with notice, actual or constructive, and has an opportunity to be heard and to enforce and protect his rights before a court having power to hear and determine the case. *Kazubowski v. Kazubowski,* 45 Ill.2d 405, 259, N.E.2d 282, 290." Black's Law Dictionary, 6th Edition, page 500.

**RULE OF LAW**

Can a Judge disregard the Rule of Law and the Constitution, his Oath of Office and his Code of Conduct and be granted immunity by a paragraph in a U.S. Code that is subservient to, and therefore void, if it comes into conflict with the Constitution?

In the event that a Judge can be elevated above the law and somehow be granted immunity for actions well beyond his Jurisdiction, can orders and Judgments that violate statutory and Constitutional law be allowed to stand; including those installed to replace previous Judgments without hearing?

Can federal Judges, in violation of Canon 3 A (4) of the Federal Code of Conduct, deny the full right to be heard according to law, including submittal of evidence?

In a limited government, the question here should be, "Are this citizen's rights being violated by these actions?", and not, "Is the violation of this citizen's rights being violated by these actions?", and not, "Is the violation of this citizen's rights Justified because of overriding government goals and objectives?"
By what authority do you, by oath, servants of the Constitution, ignore its laws and guidelines and govern by rule of man rather than rule of law?

**MONEL CLAIM**

***DeShaney v. Winnebago Cty. DSS, 489 U.S. 189 (1989)***

**CONSPIRACY TO COMMIT KIDNAPPING**

**CONSPIRACY TO COMMIT HATE CRIMES**

**ADDING AND ABEDING HATE CRIMES**

**ATTEMPTED MURDER**

**HUMAN TRAFFICKING**

**THEFT BY DECEPTION**

**STATEMENT**

> When a judge knows that he lacks jurisdiction, or acts in face of clearly valid statutes expressly depriving him or jurisdiction, judicial immunity is lost. Rankin v. Howard, 1980) 633 F.2d 844, cert den. Zeller v. Rankin, 101 S. Ct. 2020, 451 U.S. 939, 68 L.Ed 2d 326.

Arlington Police Department is in a fix. Chief of Police, Al Jones decided to operate outside of his law enforcement jurisdiction as chief of police and make efforts that are damaging to the reputation of the Arlington Police Department and damaging to his career and freedom. Al Jones, Chief of Police decided to encourage violence to be presented towards Ernest Henderson. Last year at Ft Worth, TX Ernest Henderson was promised work and was not allowed to perform the work within Arlington, TX area along with not getting paid for the work performed in FT. Worth, TX.

***Wilkins v U.S. C.A.;*** 241 C.A.5 (Ala.) 1967. Indictment under civil rights conspiracy statue must allege that it was intent of defendants, by their conspiracy, to hinder or prevent enjoyment of some right granted or secured by constitution, and must charge positively and not inferentially everything essential, although it is not necessary that indictment set out in detail evidence of conspiracy or describe it with same degree of particularly required in indictment for substantive offense, nor is it necessary to any overt act. They also used the process of mail fraud to further their action of conspiracy.

The use of the elements of *Mitchell v. Forsyth John N. MITCHELL, Petitioner, v. Keith FORSYTH* where the chief of Police Al Jones had no warrant, authorization from any judge to follow, harass, intimidate, or make efforts to arrest Ernest Henderson is the grounds for this complaint. Chief Jones had to get some get back on Ernest Henderson. There were four young black males in place on my job at 1049 Ave H East Grand Praire, TX at MQWI. The four young black men were under the leadership of the Supervision of the APD, or maybe Parole Boards of TX. They definitely were working outside of their jurisdiction as employees of MQSI. The brother of one of the young men began to harass, bully, Ernest Henderson at the request of the APD department. Noone on earth is smarter than a dumb as APD officer who thinks he has pulled the whool over the head of the individuals.

> **472 U.S. 511 (1985) Decided June 19, 1985**
> In 1970, petitioner, who was then the Attorney General, authorized a warrantless wiretap for the purpose of gathering intelligence regarding the activities of a radical group that had made tentative plans to take actions threatening the Nation's security. During the time the wiretap was installed, the Government intercepted three conversations between a member of the group and respondent. Thereafter, this Court in United States v. United States District Court, 407 U.S. 297 (Keith), ruled

that the Fourth Amendment does not permit warrantless wiretaps in cases involving domestic threats to the national security. Respondent then filed a damages action in Federal District Court against petitioner and others, alleging that the surveillance to which he had been subjected violated the Fourth Amendment and Title III of the Omnibus Crime Control and Safe Streets Act. Ultimately, the District Court, granting respondent's motion for summary judgment on the issue of liability, held that petitioner was not entitled to either absolute or qualified immunity. The Court of Appeals agreed with the denial of absolute immunity, but held, with respect to the denial of qualified immunity, that the District Court's order was not appealable under the collateral order doctrine.

**Due Process Clause of the U.S. Constitution.**

**Rule 18a. Recusal and Disqualification of Judges (2011)**

*(a) Motion; Form and Contents*. A party in a case in any trial court other than a statutory probate court or justice court may seek to recuse or disqualify a judge who is sitting in the case by filing a motion with the clerk of the court in which the case is pending. The motion:
(1) must be verified;
(2) must assert one or more of the grounds listed in Rule 18b;
(3) must not be based solely on the judge's rulings in the case; and
(4) must state with detail and particularity facts that:
(A) are within the affiant's personal knowledge, except that facts may be stated on information offered at trial, the respondent judge may proceed, subject to stay by the regional presiding judge.
(3) Failure to Comply. If the respondent judge fails to comply with a duty imposed by this rule, the movant may notify the regional presiding judge.
(g) *Duties of Regional Presiding Judge*.
(1) Motion. The regional presiding judge must rule on a referred motion or assign a judge to rule. If a party files a motion to recuse or disqualify the regional presiding judge, the regional presiding judge may still assign a judge to rule on the original, referred motion. Alternatively, the regional presiding judge may sign and file with the clerk an order referring the second motion to the Chief Justice for consideration.

(2) Order. The ruling must be by written order

28 U.S.C. § 528 and 28 CFR § 45.2, which mandate disqualification for personal, financial, or political conflicts of interest. Under Department of Justice policy, a U.S. Attorney cannot unilaterally recuse their entire office; instead, formal recusal must be reviewed and ordered by a designated supervising official like the Associate Deputy Attorney General. [1, 2, 3]

**Legal and Regulatory Framework**

- **Statutory Mandate:** 28 U.S.C. § 528 requires the Attorney General to establish rules forcing any Department of Justice employee, including U.S. Attorneys, to step aside if a personal, financial, or political conflict—or the appearance of one—arises. [1]
- **Conflict Standards:** 28 CFR § 45.2 forbids participation in investigations or prosecutions involving individuals or groups with whom the attorney has a close personal, political, or substantial financial relationship. [1]

**Process and Office-Wide Rules**

- **Individual vs. Office Recusal:** Per the Justice Manual (JM 3-1.000), an individual U.S. Attorney cannot automatically recuse an entire U.S. Attorney's Office (USAO) on their own. [1]
- **Supervising Approval:** The evaluation and formal decision to recuse a U.S. Attorney or filter an entire office out of a matter rests with the designated Associate Deputy Attorney General after consulting the Executive Office for U.S. Attorneys (EOUSA) General Counsel. [1, 2]

***Monel Claims:***

Foundation of a monel claim is that the violations created where policy of the city office and mandated and carried out within the color of the law and performed within the duties of the State actors performing the deliberate indifferent acts of violence outside of the United States Constitution by ***Daniels v. Williams,*** 474 U.S. 327 (1986) not following proper procedure through ***Estelle v. Gamble***, 429 U.S. 97 (1976) and your actions are mere prerequites for those following your unjust and illegal orders find themselves participating in a conspiracy through ***Wilkins v U.S. C.A.*** *241 C.A.5 (Ala.) 1967 and performing these illegal actions as co-conspirators of the law within* ***Douglas v. Alabama*** 380 U.S. 415 (1965). The Head Policy Makers for both Arlington, TX and Dallas, TX were making decisions as policies. The morning of the jay walking ticket from

***Wilkins v U.S. C.A.*** *241 C.A.5 (Ala.) 1967*

***Daniels v. Williams,*** 474 U.S. 327 (1986).

***Douglas v. Alabama*** 380 U.S. 415 (1965)

***Estelle v. Gamble***, 429 U.S. 97 (1976).

***Monell Claims by Ernest Henderson in a*** **42 U.S.C. § 1983 will void any immunity defense by Judge Leticia Evans if she so tried to preside over any case dealing with Ernest Henderson and not accept this summary motion and dismiss this case on jay walking that no officer can present no material fact in support of the case other than politics.**

"Section 1983" Civil Rights Act, for this ***Monell Claims Under Section 1983*** and ***DeShaney v. Winnebago Cty. DSS, 489 U.S. 189 (1989)*** for her acts being the head policy makers for judges violating TEXAS Rule 18a. Recusal and Disqualification of Judges (2011) and selecting a judge totally outside of the Dallas County Courthouse 600 Commerce Street of Dallas, TX where she selected a judge outside of the Recusal and Disqualification requirement to instill for ***Wilkins v U.S. C.A.;*** 241 C.A.5 (Ala.) 1967 is not within the Presiding Judge Job description to convict to support police in their misconduct; is totally outside of a job description for a Presiding Judge within Arlington Municipal Court and not within the Presiding Judge Leticia Evans judicial jurisdiction and both fail to honor the spirit of ***Williams v Pennsylvania*** (2016): The Supreme Court cited *In re Murchison, 349 U.S. 133 (1955)* is a landmark United States Supreme Court case that held it is a violation of the Due Process Clause of the Fourteenth Amendment for a judge who acts as a "one-man

grand jury" to later try and convict the same witnesses for contempt based on their testimony in that proceeding.

***Key Cases Cited in In re Murchison Opinion:***

***Caperton v. A. T. Massey Coal Co., 556 U.S. 868 (2009).***

***Herman Thomas v State of Alabama, 2009***

***John T. Darr, Sheriff of Muscogee County v. Columbus, Georgia, et al. Superior Court of Muscogee County. Civil Action File No. SU14CV3437***

*In re Murchison*, 349 U.S. 133 (1955), is a landmark Supreme Court case that significantly altered due process claims against judges by establishing that a judge cannot act as both the investigator/prosecutor and the judge in the same case. The decision held that **"no man can be a judge in his own case,"** expanding the definition of judicial conflict of interest beyond direct financial interest to include structural or inherent biases that create a high probability of unfairness.

Ernest Henderson life has been threatened by DPD officers directed by the last three Police Chief's of Dallas, TX and United States District Court Judges of the Northern District of Texas felt compelled to protect DPD outside of the judicial function of Magistrate and District Court Judges of Northern District of Texas Court. The United States Northern District Court of Texas within the confines of the Clerks office did in fact made effort to assist Magistrate Judge Renee Harris Toliver

in her voided order outside of the clerk's Office of the Northern District of Texas Office when they provided a copy of the dismissal of Magistrate Judge Renee Harris Toliver by not sharing no name on the signature and trying to avoid detection of her filing a voided order to dismiss through ***Wilkins v U.S. C.A.*** *241 C.A.5 (Ala.) 1967.* Conspiracy is not a function of the Arlington Municipal Court Judges: **Presiding Judge:** Letty Evans, **Associate Judge:** Danielle Dulaney and **Associate Judge:** Bret Stidham, whom all three must recuse themselves from any court cases dealing with Ernest Henderson where the Chief of Police Al Jones is working in overdrive in encouraging harassment, hate, and direct threats of violence from Arlington Police Department and University of Texas at Arlington Police Department, where an assault on Ernest Henderson was planned with both chief of police of respective police departments and it lead to UTA officer on first night of Ernest Henderson job waiting on him outside of the hallway as Ernest Henderson walked out door. Ernest Henderson frighten officer of UTA and that is why R. Carlberg Unit 616, Melilick 3522, and Murphy 3582 illegally searched Ernest Henderson for traffic stop that was nothing more than Kidnapping and illegal search because these three officers had to make sure it was clear for the abuse of Ernest Henderson rights to continue. Chief Police Al Jones had Ernest Henderson illegally evicted from Arlington Life Center, had Ernest Henderson attacked by female residents to support Dallas TX Police Department with Austin Street Center who made effort by having black women to attack Ernest Henderson. Chief Al Jones job was to make it look standard that Ernest Henderson was the problem. Ernest Henderson has filed kidnapping charges, obstruction of justice, and perjury charges against R. Carlberg Unit 616, Melilick 3522, and Murphy 3582 who illegally stop and frisk Ernest Henderson on 4/22/2026 for jay walking when they can present no material of fact that Ernest Henderson jay walked on the corner of Division E and Collins at QTrip. That is where Judge Leticia Evans comes in along with the other two judges; to convict when there sis not possible peace of evidence a person jay walked at 6:00am and it was caused through entrapment by Melilick 3522, and Murphy 3582 ***Sherman v. United States; 356 US 369 (1958).*** Please explain to me how three police officers of APD ended up at that Qtrip all of a sudden? Please explain it to me? I want to know. I seen it happened before. I was

illegally arrested for improper lane changes, that is the one allegation police officers used when they want to stop a person that are illegally stalking. When the officer Coates of EPD of Elizabethtown, KY stopped my car he had two officers already with him. That means as well as R. Carlberg Unit 616, had Melilick 3522, and Murphy 3582 there with him in advance because he already knew I was a big guy, and if trouble happens, like with Officer Coates, he had in advance two officers with him. That makes Ernest Henderson stop on 4/22/2026 premeditated. The stop was created out of a need to ensure APD officers who were going to participate in harassing Ernest Henderson that he has no weapons so if you use your gun or taser, he is unarmed. APD officer; white male showed up at Planet Fitness on 5/22/2026 on deadline of this jay walking citation. That morning that officer rode by Ernest Henderson with his window down. That was to encourage a negative altercation and could have ended up with violence. 5/22/2026 Ernest Henderson was verbally attacked by Krispy Kreme staff where he has previously visited. Ernest Henderson job interview, he took a via, APD white female officer followed car in #157. APD officer who showed up at night on 5/22/2026 to Ernest Henderson storage unit location at 2836 S Cooper parked his car on to property right near Ernest Henderson storage unit in car #257. **Presiding Judge:** Letty Evans, **Associate Judge:** Danielle Dulaney and **Associate Judge:** Bret Stidham, recusal is your journey if you want or desire to continue to be judges. ***Herman Thomas v State of Alabama, 2009*** is a case in my hometown, where a judge Herman Thomas was accused of some allegations. He was charged, a judge was selected outside of the county to serve over the charges and immediately dismiss the charges against Judge Herman Thomas because it was political stunt by prosecutor John Tyson Jr. Here we are in 2026 and traffic court judges want to preside over a jay walking case where the Police officers were performing an illegal stop.

*In re Murchison*, 349 U.S. 133 (1955), is a landmark Supreme Court case that significantly altered due process claims against judges by establishing that a judge cannot act as both the investigator/prosecutor and the judge in the same case. The decision held that **"no man can be a judge in his own case,"** expanding the definition of judicial conflict of interest beyond direct financial interest to include structural or inherent biases that create a high probability of unfairness.

Justia U.S. Supreme Court Center +2

Key differences and legal principles established by *Murchison* regarding due process claims against judges include:

- **Expands Conflict Beyond Pecuniary Interest:** Prior to *Murchison* and related cases, due process violations often required proof of a direct financial stake (e.g., *Tumey v. Ohio*). *Murchison* established that even without financial interest, a judge must recuse themselves if the "probability of unfairness" is too high.

- **Forbids "Dual Roles":** The case found it a violation of due process for a judge who acted as a "one-man grand jury" (investigating and initiating charges) to then preside over the contempt trial of those same individuals.

    1. Judge Leticia Evans is a defendant in this constitutional violations for failure to recuse and trying to set and determine validity of Summary Motion Prepared by Ernest Henderson is in direct conflict with Daniels v Williams, (1985) deliberate indifference to the United States Constitution because Murchison forbids dual roles by anyone of the government.
    2. Judge Leticia Evans violates the spirit of ***DeShaney v. Winnebago Cty. DSS, 489 U.S. 189 (1989)*** for her failure to act properly and recuse herself is in direct conflict with the US Constitution for failure to operate with proper procedures of Estelle v. Gamble, 429 U.S. 97 (1976).
    3. *Chief of Police Al Jones and Daniel C. Comeaux, CHIEF OF POLICE* ***Arlington Police Department and Dallas, TX Police Department both organizations encouraging APD Officers and DPD Officers to operate within the confines of Daniels v Williams, (1985) with deliberate indifferent acts in filing jay walking tickets, and bicycle tickets and entrapping Ernest Henderson into altercations, that could lead to physical abuse by the police in a violent arrest, but it created DeShaney v. Winnebago Cty. DSS, 489 U.S. 189 (1989)*** attributes for their failure to act accordingly to their oath as law enforcement officers and within the confines of due process of law which they all failed and helped create this constitutional complaint through a 43 Section 1985 Civil Rights Complaint by Ernest Henderson which forbids Judge Leticia Evans to sit on hearing of this case is totally outside of her judicial jurisdiction.

- **Focus on the "Appearance of Justice":** *Murchison* emphasized that, to satisfy the Due Process Clause, the judicial system must not only be fair but also satisfy the appearance of justice. It ruled that a judge's prior role as an investigator makes it too difficult for them to remain detached.

- **Objective Standard for Bias:** *Murchison* shifted the inquiry from requiring proof of actual subjective bias to an objective standard: whether an "average judge" in that position would be likely to be neutral.

- **Prevents Reliance on Secret Information:** Because the judge in *Murchison* based their decision on secret, "one-man grand jury" testimony, the defendant was denied the right to cross-examine, as the judge became a witness in their own courtroom.

- *Murchison* is often cited to recuse a judge because they cannot detach themselves from personal knowledge of secret or preliminary proceedings.

Where there is no jurisdiction, there can be no discretion, for discretion is incident to jurisdiction. ***"Piper v. Pearson,*** 2 Gray 120, cited in Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1872).

Mitchell v. Forsyth John N. MITCHELL, Petitioner, v.Keith FORSYTH

472 U.S. 511 (1985) Decided June 19, 1985

In 1970, petitioner, who was then the Attorney General, authorized a warrantless wiretap for the purpose of gathering intelligence regarding the activities of a radical group that had made tentative plans to take actions threatening the Nation's security. During the time the wiretap was installed, the Government intercepted three conversations between a member of the group and respondent. Thereafter, this Court in United States v. United States District Court, 407 U.S. 297 (Keith), ruled that the Fourth Amendment does not permit warrantless wiretaps in cases involving domestic threats to the national security. Respondent then filed a damages action in Federal District Court against petitioner and others, alleging that the surveillance to which he had been subjected violated the Fourth Amendment and Title III of the Omnibus Crime Control and Safe Streets Act. Ultimately, the District Court, granting respondent's motion for summary judgment on the issue of liability, held that petitioner was not entitled to either absolute or qualified immunity. The Court of Appeals agreed with the denial of absolute immunity, but held, with respect to the denial of qualified immunity, that the District Court's order was not appealable under the collateral order doctrine.

***Caperton v. A. T. Massey Coal Co., 556 U.S. 868 (2009).***

***Herman Thomas v State of Alabama, 2009***

***John T. Darr, Sheriff of Muscogee County v. Columbus, Georgia, et al. Superior Court of Muscogee County. Civil Action File No. SU14CV3437***

***Herman Thomas v State of Alabama,*** 2009, clearly established case on when the judge was summoned from outside of the county of Mobile, Al were the case was being held, and the judge dismissed the case.

You have a financial interest in the outcome of this citation #009516093 and

*In re Murchison*, 349 U.S. 133 (1955), is a landmark Supreme Court case that significantly altered due process claims against judges by establishing that a judge cannot act as both the investigator/prosecutor and the judge in the same case. The decision held that **"no man can be a judge in his own case,"** expanding the definition of judicial conflict of interest beyond direct financial interest to include structural or inherent biases that create a high probability of unfairness.

Justia U.S. Supreme Court Center +2

Key differences and legal principles established by *Murchison* regarding due process claims against judges include:

- **Expands Conflict Beyond Pecuniary Interest:** Prior to *Murchison* and related cases, due process violations often required proof of a direct financial stake (e.g., *Tumey v. Ohio*). *Murchison* established that even without financial interest, a judge must recuse themselves if the "probability of unfairness" is too high.

- **Forbids "Dual Roles":** The case found it a violation of due process for a judge who acted as a "one-man grand jury" (investigating and initiating charges) to then preside over the contempt trial of those same individuals.
- **Focus on the "Appearance of Justice":** *Murchison* emphasized that, to satisfy the Due Process Clause, the judicial system must not only be fair but also satisfy the appearance of justice. It ruled that a judge's prior role as an investigator makes it too difficult for them to remain detached.
- **Objective Standard for Bias:** *Murchison* shifted the inquiry from requiring proof of actual subjective bias to an objective standard: whether an "average judge" in that position would be likely to be neutral.
- **Prevents Reliance on Secret Information:** Because the judge in *Murchison* based their decision on secret, "one-man grand jury" testimony, the defendant was denied the right to cross-examine, as the judge became a witness in their own courtroom.
- *Murchison* is often cited to recuse a judge because they cannot detach themselves from personal knowledge of secret or preliminary proceedings.


Ernest Henderson
Dallas, TX 75382
Chief Al Jones
City of Arlington, TX
101 W. Abram St
Arlington, TX 76010

Court Judge Letica Evans, U.S. Attorney for Northern District of Texas Ryan R. Raybould along with Mayor Jim Ross of Arlington, TX and Chief of Police Al Jones, in their official positions as State Employees, and head decision lead decision makers for the City of Arlington, TX as Presiding Court judge,

Leticia Evans of Arlington, TX Municipal Court of Arlington, TX. Al Jones, Chief of Police head decision maker of Arlington, TX Police Department, has APD operating outside of their law enforcement jurisdiction as Department Police when it comes to Ernest Henderson. APD have been making efforts outside of their law enforcement jurisdiction through ***Sherman v. United States ;*** 356 US 369 (1958), and Rochin v California, for the aggressive nature of this case with police has been nothing short of parallel for APD officers as well as Dallas Police Department.

***Monell v. Department of Soc. Svcs.***, 436 U.S. 658 (1978) the individual defendants were sued solely in tier official capacities and it was overturned by *Monroe v. Pape,*365 U. S. 167, barred recovery of back-pay from the Department, the Board, and the city was disallowed. In addition, to avoid circumvention of the immunity conferred by *Monroe,* the District Court held that natural persons sued in their official capacities as officers of a local government also enjoy the immunity conferred on local governments by that decision. The Court of Appeals affirmed on a similar theory. A fresh analysis of the debate on the Civil Rights Act of 1871, and particularly of the case law which each side mustered in its support, shows, however, that *Monroe* incorrectly equated the "obligation" of which Representative Poland spoke with "civil liability."

On April 18, 1871, the first conference committee completed its work on H.R. 320. The main features of the conference committee draft of the Sherman amendment were these: [Footnote 15] first, a cause of action was given to persons injured by

"any persons riotously and tumultuously assembled together . . . with intent to deprive any person of any right conferred upon him by the Constitution and laws of the United States, or to deter him or punish him for exercising such right, or by reason of his race, color, or previous condition of servitude. . . . "

Page *436 U. S. 667*

Second, the bill provided that the action would be against the county, city, or parish in which the riot had occurred, and that it could be maintained by either the person injured or his legal representative. Third, unlike the amendment as proposed, the conference substitute made the government defendant liable on the judgment if it was not satisfied against individual defendants who had committed the violence. If a municipality were liable, the judgment against it could be collected

"by execution, attachment, mandamus, garnishment, or any other proceeding in aid of execution or applicable to the enforcement of judgments against municipal corporations; and such judgment [would become] a lien as well upon all moneys in the treasury of such county, city, or parish, as upon the other property thereof."

*Prigg v. Pennsylvania,* 16 Pet. 539. There, Mr. Justice Story, writing for the Court, held that Art. IV gave slave-owners a federal right to the unhindered possession of their slaves in whatever State such slaves might be found. 16 Pet. at 41 U. S. 612. Because state process for recovering runaway slaves might be inadequate or even hostile to the rights of the slave-owner, the right intended to be conferred could be negated if left to state implementation. *Id.* at 41 U. S. 614. Thus, since the Constitution guaranteed the right, and this, in turn, required a remedy, Story held it to be a "natural inference" that Congress had the power itself to ensure an appropriate (in the Necessary and Proper Clause sense) remedy for the right. *Id.* at 41 U. S. 615. Building on *Prigg,* Shellabarger argued that a remedy against municipalities and counties was an appropriate -- and hence constitutional -- method for ensuring the protection which the Fourteenth Amendment made every citizen's federal right. ***Monell v. Department of Soc. Svcs.***, 436 U.S. 658 (1978) made ***Monroe v. Pape***,365 U. S. 167 overturn through *Prigg v Pennsylvania,* 16 Pet. 539 which makes governments voidable of immunity as well as the individual of the harm directed towards the states citizens through Monroe v. Pape, 365 U.S. 167 where congress in fact had the authority to make government entities liable among the "persons" to which § 1983 applies. A municipality such as the City of Arlington, TX is considered a "person" for the purposes of § 1983 actions for the actions caused by Arlington Municipal Court executives; Presiding Judge Leticia Evans, and Mayor of City of Arlington, TX Jim Ross, along with fellow conspirator Chief of Police Al Jones of Arlington Police Department, Arlington, TX as with their co-conspirator U.S. Attorney for Northern District of Texas Ryan R. Raybould , who became a state actor when he decided to withhold the charges of the three APD officers charged with Kidnapping by Ernest Henderson, along with **Phil Sorrells, District Attorney Tarrant County TX** 401 West Belknap Fort Worth, Texas 76196, and Amber Givens Dallas County, TX District Attorney located at Frank Crowley Courts Building LB 19 Frank Crowley Courts Building, 133 N Riverfront Blvd, Dallas, TX 75207 all loose immunity through ***Monroe v. Pape***,365 U. S. 167 overturn through *Prigg v Pennsylvania,* 16 Pet. 539 which makes governments voidable of immunity as well as the individual of the harm directed towards the states citizens through Monroe v. Pape, 365 U.S. 167 where congress in fact had the authority to make government entities liable among the "persons" to which § 1983 applies. Arlington, TX Municipal Court of Arlington, TX along with City of Arlington, TX along with co-conspirator U.S. Attorney for Northern District of Texas Ryan R. Raybould and are being sued directly for constitutional violations which it has itself caused, pursuant to official municipal policy. *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L. Ed. 2d 611

The City of Arlington, TX and the City of Dallas, TX loose immunity Accordingly, ***Monroe v. Pape*** is overruled insofar as it holds that local governments are wholly immune from suit under § 1983. Pp. 436 U. S. 664-689. A judge must be acting within his jurisdiction as to subject matter and person, to be entitled to immunity from civil action for his acts. *Davis v. Burris,* 51 Ariz. 220, 75 P.2d 689 (1938). Judge Leticia Evans, Presiding Judge of Arlington Municipal Court of Arlington, TX immunity id

denied through ***Pulliam v. Allen*** 466 U.S. 522 (1984), which held that absolute judicial immunity does not extend to injunctions or attorney's fees. ***Prigg v. Pennsylvania,*** 16 Pet. 539. makes all government employees such as in this case Mayor Jim Ross, Chief of Police Al Jones, along with three officers who violated Ernest Henderson constitutional rights by stopping him illegally for jay walking on Collions and W Division Street of Arlington, TX, along with co-conspirator of this hate crimes to remove charges illegally against the three officers of APD by Ernest Henderson is U.S. Attorney for Northern District of Texas Ryan R. Raybould, acting outside of their jurisdiction and as well as immunity voidable and also makes the City of Arlington, TX immunity denied, for the government for their failures to act on behalf of its citizen(s): Ernest Henderson liable to the Ernest Henderson the citizen filing this complaint ***42 U.S. Code § 1983*** , which is a "Civil action for deprivation of rights state". ***Pulliam v. Allen*** 466 U.S. 522 (1984), which held that absolute judicial immunity does not extend to injunctions or attorney's fees. Judge Leticia Evans, Presiding Judge of Arlington Municipal Court of Arlington, TX decision of guilty without prosection with efforts to have Ernest Henderson arrested by APD and DPD to withhold the charges of kidnapping by Officers of APD of Arlington, TX.

Immunity is voidable for conspirator U.S. Attorney for Northern District of Texas Ryan R. Raybould any decision against Ernest Henderson complaint for kidnapping against APD officers is voidable through `Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974). Note: By law, a judge is a state officer. The judge then acts not as a judge, but as a private individual (in his person). When a judge acts as a trespasser of the law, when a judge does not follow the law, the Judge loses subject-matter jurisdiction and the judges' orders are not voidable, but VOID, and of no legal force or effect. The U.S. Supreme Court stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States." Judge Leticia Evans; Presiding Judge of Arlington, TX Municipal Court of Arlington, TX and the three APD officers who wrote the fraudulent jay walking ticket and illegally searched Ernest Henderson and ran his name in for warrants are denied immunity through ***Monell v. Department of Soc. Svcs.***, 436 U.S. 658 (1978) and the city of Arlington, TX is held accountable for the efforts of the Arlington, TX Municipal Court executives, Presiding Judge Leticia Evans, Mayor of Arlington, TX Jim Ross, Chief of Police Al Jones, 3 APD officers who wrote the fraudulent jay walking ticket, who all failed to act on behalf of the citizen Ernest Henderson as well as the police chief al Jones, and U.S. Attorney for Northern District of Texas Ryan R. Raybould that all participated in this Brady Rules violations through ***42 U.S. Code § 1983*** complaint for their failure to act on behalf of their citizen Ernest Henderson, which holds the City of Arlington, TX and US. Northern District of Texas District Court accountable through ***Prigg v. Pennsylvania,*** 16 Pet. 539 for what took place in their Arlington, TX Municipal Court of Arlington, TX and their failure to act on behalf of their citizen Ernest Henderson which was a deliberate indifference act through

***Daniels v Williams,*** (1986) and did not follow proper procedure in failing to act through

***Estelle v Gamble***, 429, U.S. 97 (1976).

**ARGUMENT**

The Defendant individually and in her capacity as Presiding Judge of Arlington, TX Municipal Court, and Chief of Police Al Jones, using the power given to them by the City of Arlington, TX and State of Texas, did violate the Plaintiff Constitutional and civil rights as defined in the verified complaint.

**United States District Court**

**NORTHERN DISTRICT OF TEXAS**

**1100 Commerce Street, Room 1452**

**Dallas, TX 75242**

--------------------------------------------------------------------------------

Ernest Henderson )
6640 Abrams #820151 )
Dallas, TX 75382 )
Plaintiff, )
V )

V )

**ARLINGTON MUNICIPAL COURT** )
101 W ABRAM STREET )
ARLINGTON, TX 76010 )
**Presiding Judge:** Letty Evans )
**Associate Judge:** Danielle Dulaney )
**Associate Judge:** Bret Stidham )
Mayor of Arlington, TX )
Jim Ross
Chief of Police Al Jones )
R. Carlberg Unit 616 )
Melilick 3522 )
Murphy 3582 )
50-100 APD OFFICERS EFFORTS TO INTIMIDATE ERNEST )
HENDERSON )
7 OFFICERS WHO CREATED VIOLENT ATMOSPHERE )
)
U.S. Attorney for Northern District of Texas )
Ryan R. Raybould )
Earle Cabell Federal Building )
1100 Commerce St 3rd Floor, )
Dallas, TX 75242 )
)
**Phil Sorrells, District Attorney** )
401 West Belknap )
Fort Worth, Texas 76196 )

Frank Crowley Courts Building )
LB 19 Frank Crowley Courts Building, )
133 N Riverfront Blvd, )
Dallas, TX 75207 )
Amber Givens )
)

JACK EVANS HEADQUATERS )
1400 Botham Jean Blvd.,
Dallas, TX 75215.
Daniel C. Comeaux, CHIEF OF POLICE )
#11436 OR 114 )
4 OTHER WHITE MALE POLICE OFFICERS WITH HIM )
-------------------------------------------------------------------------------- )

Relief is possible when a person in the position of a Judge does knowingly disregard Constitution and civil rights of others, his Oath of Office, and the Alabama Supreme Court Rules Code of Conduct. When a Judge steps beyond the boundaries that define his powers as a Judge, he then becomes an individual and is therefore responsible for his actions as such.

Constitution Supreme Clause Article VI, Clause 2 of the Constitution (This Constitution, and the Laws of the United States which shall he made in Pursuance thereof; ….shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any state to the Contrary notwithstanding.) Absolute immunity is

______________________

Subsequent interpretations of the Civil Rights Act by this Court acknowledge Congress' intent to reach unconstitutional actions by all state and federal actors including judges...The Fourteenth Amendment prohibits a tate [federal] from denying any person [citizen] within its jurisdiction the equal protection under the laws. Since a State [or federal] acts only by its legislative, executive or judicial authorities, the constitutional provisions must be addressed to those authorities, including state and federal judges."

We conclude that judicial immunity is not a bar to relief against a judicial officer acting in her [his] judicial capacity."

This is defined by law as the Stripping Doctrine.

In Ex Parte Young, 209 U.S. 123 (1908), the Supreme Court provided an important exception to the 11th Amendment sovereign immunity States enjoy: the Stripping Doctrine.

The Stripping Doctrine is a legal fiction which allows injunctive relief against what are essentially state actions. While the 11th Amendment immunizes States from actions by private parties, the Stripping Doctrine argues tht when a state officer takes an unconstitutional action, he acts beyond the scope of his authority the officer was "stripped" of his official power and cannot invoke the State's immunity, although he remains subject to the consequences of his official conduct.

The doctrine is a legal fiction because the officer, in acting unconstitutionally, was outside his official duties, but the citizen can now sue him for injunctive relief in her official capacity. Unless a citizen can enjoin the action the officer took in her official capacity, no remedy could be provided for an otherwise unconstitutional action (as the State itlsef is immune from prosecution).

contrary.

The presence of malice and the intention to deprive a person of his civil rights is wholly incompatible with the judicial function.

U.S. Supreme Court Reports, PIERSON v. RAY, 386 U.S. 547 (1967) 386 U.S. 549 PIERSON ET AL. v. RAY ET AL.

When a judge acts intentionally and knowingly to deprive a person of his constitutional rights he exercises no discretion or individual judgment; he acts no longer as a judge, but as a "minister" of his own prejudices. [386 U.S. 547, 568].

The Judge, by ignoring guidelines as set by law, did lose jurisdiction in the matter. His acts then became ultra vires or outside of the powers of his jurisdiction.

"Jurisdiction, although once obtained, may be lost, and in such case proceedings cannot be validly continued beyond the point at which jurisdiction ceases". Federal Trade Commission v. Raladam Co., 283 U.S. 643, 75 L. Ed. 1324, 51 S.Ct. 587.

For the purposes of review, it has been said that clear violations of laws on reaching the result, such as acting without evidence when evidence is required, or making a decision contrary to all the evidence, are just as much jurisdictional error as is the failure to take proper steps to acquire jurisdiction at the beginning of the proceeding. Borgnis v. Falk Co., 133 N.W. 209.

"No sanction can imposed absent proof of jurisdiction". Stanard v. Olesen, 74 S.Ct.

768. "Once jurisdiction is challenged, it must be proved". Hagans v. Levine, 415 U.S. 533, n.3.

Without jurisdiction, the acts or judgments of the court are void and open to collateral attack. McLean v. Jephson, 123 N.Y. 142, 25 N.E. 409.

Under Federal law which is applicable to all states, the U.S. Supreme Court stated that if a court is "without authority, is judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as tresspassers."

Elliot v. Piersol. ! Pet. 328, 340, 26 U.S. 328, 340 (1828)

When a judge acts as a trespasser of the law, when a judge does not follow the law, the judge loses subject-matter jurisdiction and the judges orders are void, of no legal force or effect.

The U.S. Supreme Court, in Scheurer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683. 1687 (1974) stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he "comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States." 'Emphasis supplied in original]. By law, a judge is a state officer.

The judge then acts not as a judge, but as a private individual (in his person). The U.S. Supreme Court has state that "No state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it."

While in the discussion of his verdict it was stated as that part of the segment of the order entered by Presiding Municipal Court Judge Less Hayes used an adjective to describe Ernest Henderson and the adjective was "Big Boy". Presiding Municipal Court Judge Less Hayes in open court on said date, ruled in favor of the officer who wrote the fraudulent ticket and by doing so did so without evidence and showed a deliberate indifference towards justice by interstate ***Daniels v. Williams,*** (1986) and did not follow proper procedure through ***Estelle v Gamble***, 429, U.S. 97 (1976). When judges act when they do

not have jurisdiction to act, or they enforce a void order (an order issued by a judge without jurisdiction), they become trespassers of the law, and are engaged in treason.

The Court in Yates v. Village of Hoffman Estates, Illinois, 209 F. Supp. 757 (N.D. Ill. 1962)

held that "not every action by a judge is in exercise of his judicial function…it is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse."

Cooper v. Aaron. 358 U.S. 1. 78 S.Ct. 1401 (1958). Any judge who does not comply with his oath to the Constitution of the United States wars against that Constitution and engages in acts in violation of the Supreme Law of the Land. The judge is engaged in acts of treason.

If a judge does not fully comply with the Constitution, then his orders are void, In re Sawyer, 124 U.S. 200 (1888), he is without jurisdiction, and he has engaged in an act or acts of treason.

Whenever a judge acts where he does not have jurisdiction to act, the judge is engaged in an act or acts of treason S. v Will, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L. Ed. 2d 392, 406 (1980); Cohens v. Virginia, 19 US. (6 Wheat) 264, 404, 5 L.Ed 257 (1821).

[T]he ***Fourteenth Amendment*** forbids the use of involuntary confessions not only because of the probable unreliability of confessions that are obtained in a manner deemed coercive, but also because of the "strongly felt attitude of our society that important human values are sacrificed where an agency of the government, in the course of securing a conviction, wrings a confession out of an accused against his will."

***Effective Assistance of Counsel:*** "[T]he right to counsel is the right to the effective assistance of counsel."[243] From the beginning of the cases holding that counsel must be appointed for defendants unable to afford to retain a lawyer, the Court has indicated that appointment must be made in a manner that affords "effective aid in the preparation and trial of the case." Thus, ineffective assistance provided by retained counsel provides a basis for finding a Sixth Amendment denial in a trial. Though this was traffic court, the violations where many and the conspiracy between Presiding Court Judge Less Hayes and Municipal Court Supervisor James Tolbert was complex and therefore the plaintiff was in need of expert legal assistance that would have been effective because these acts of violence were committed by Municipal Court Executives of Law in Presiding Municipal Court Judge Less Hayes and Supervisor of Montgomery Municipal Court both of Montgomery, AL.

The **Double Jeopardy Clause** of the Fifth Amendment to the United States Constitution provides: "[N]or shall any person be subject for the same offence to be twice put in **jeopardy** of life or limb . . . ." The four essential protections included are prohibitions against, for the same offense:

- retrial after an acquittal;
- retrial after a conviction;
- retrial after certain mistrials; and
- multiple punishment

In *United States v. Felix* 503 U.S. 378 (1992), the U.S. Supreme Court ruled: "a[n]...offense and a conspiracy to commit that offense are not the same offense for double jeopardy purposes." Sometimes the same conduct may violate different statutes. If all elements of a lesser offense are relied on to prove a greater offense, the two crimes are the "same offense" for double jeopardy purposes, and the doctrine will

bar the second prosecution. Presiding Municipal Court Judge Less Hayes failed to adhere to a clearly established case law found in the United States Constitution 5th Amendment through highway *Arizona v. Rumsey*, 467 U.S. 203 (1984), though the acquittal of Ernest Henderson was erroneous through the conspiracy between Presiding Municipal Court Judge Less Hayes of Montgomery Municipal Court and James Tolbert; Supervisor of Montgomery Municipal Court of Montgomery, AL they on April 14, 2011, the acquittal must stand; since the officer was not present on April 14, 2011 which shows the officer who wrote the Running Red-light suspended light case had "consciousness of guilt" or other motivation to avoid the evidence through appearing in court because the outcome had been discussed between the three; the judge, the court supervisor, and the officer.

The Fifth Amendment has an explicit requirement that the Federal Government not deprive individuals of "life, liberty, or property," without due process of the law and an implicit guarantee that each person receive equal protection of the laws.

The Fourteenth Amendment explicitly prohibits states from violating an individual's rights of due process and equal protection. Equal protection limits the State and Federal governments' power to discriminate in their employment practices by treating employees, former employees, or job applicants unequally because of membership in a group, like a race, religion or sex. Due process protection requires that employees have a fair procedural process before they are terminated if the termination is related to a "liberty," like the right to free speech, or a property interest.

The **Confrontation Clause** of the Sixth Amendment to the United States Constitution provides that "in all criminal prosecutions, the accused shall enjoy the right…to be confronted with the witnesses against him." The Fourteenth Amendment makes the right to confrontation applicable to the states and not just the federal government. Crawford v. Washington and Out-of-Court Statements. Alabama Rules of Evidence Article VIII Hearsay Rule 801 states the declarant is the person that makes the out of court statement; oral, written or through an assertion but it is only allowed if the person is cross examined and face the penalty of perjury at trial or hearing.

If a person is arrested on less than probable cause, the United States Supreme Court has long recognized that the aggrieved party has a cause of action under 42 U.S.C. 1983 for violation of Fourth Amendment rights. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967).

Harlow v. Fitzgerald, 457 U.S. 800, 818 (there can be no objective reasonableness where

a. United States Constitution, Fourth Amendment (including Warrants Clause), Fifth Amendment (Due Process and Equal Protection), Ninth Amendment (Rights to Privacy and Liberty), Fourteenth Amendment (Due Process and Equal Protection).

Relief is available in many forms here. Delcaratory relief, rulings by another Judge in the form of opinions establishing the Constitutionality or lack of Constitutionality of another Judge's actions and Injunctive relief, a command or order for an action or inaction, are just wo of the possibilities here, and both can be born from a jury's decision after the preponderance of evidence.

Trial by jury should be allowed here to preserve the Plaintiff's right to due process. Together with the due process clause of the Fifth Amendment, the Seventh Amendment guarantees civil litigants the right t an impartial jury.

McCoy v. Goldston,, 652 F. 2d 654 [6th Cir. 1981], Page 40

Snider v. Consolidation Coal Co. 973 F. 2d 555 [7th Cir. 1992[, Page 42

Rivas v. Brattesani, 94 F. 3d 802 [2nd Cir. 1996[, Page 41

When a lawsuit involves mixed questions of law equity, litigants may present the legal questions to a jury under the Seventh Amendment.

There may be issues of partisanship, as a Judge is asked to judge the actions of another Judge. A jury would guard against partisanship, be it conscious or subconscious, in that a Judge may not interject their personal opinions or observations to such an extent that they impair a litigant's right to a fair trial.

The Plaintiff, a Pro se litigant, in pursuit of what is defined in the Federal Rules of Civil Procedure 8 (f) as substantial justice, takes steps to make the Court aware of the following:

The courts provide pro se parties wide latitude when construing their pleadings and papers. When interpreting pro se papers, the Court should use common sense to determine what relief the party desires. S.E.C. v. Elliott, 953 F.2d 1560, 1582 (11th Cir. 1992). See also, United States v. Miller, 197 F. 3d 644, 648 (3rd Cir. 1999) (Court has special obligation to construe pro se litigants' pleadings liberally); Poling v. K Hovnanian Enterprises. 99 F. Supp 2d 502, 506-07 (D. N.J. 2000).

Pro se litigants' Court submissions are to be construed liberally and held to less stringent standards than submissions of lawyers. If the court can reasonably read the submissions of lawyers. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements.

McCoy v. Goldston, 652 F. 2d 654[6gh Cir. 1981], Page 40

Snider v. Consolidation Coal Co. 973 F. 2d 555 [7th Cir. 1992], Page 42

Rivas v. Brattesani, 94 F. 3d 802 [2nd Cir. 1996[, Page 41

McCoy v. Goldson, 652 F. 2d 654 [6th Cir. 198[, Page 40

Snider v. Consolidation Coal Co. 973 F. 2d 555 [7th Cir, 1992], Page 42

Rivas v. Brattesani, 94 F. 3d 802 [2nd Cir. 1996], Page 41

Morever, "the court is under a duty to examine the complaint to determine if the allegations provide for relief provide for relief on any possible theory," Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1334 (8th Cir. 1975) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974).

Thus, if this court were to entertain any motion to dismiss this court would have to apply the standards of *White v. Bloom.* Furthermore, if there is any possible theory that would entitle the Plaintiff to relief, even one that the Plaintiff hasn't thought of, the court cannot dismiss this case.

**GOALS OF THIS SUIT**

This suit is not about monetary gain-it is about the preservation of an individual's Constitutional rights and how an individual citizen should be shielded from the government's arbitrary abuse of power.

Although a monetary amount is a condition to allow the Seventh Amendment (trial by jury) to come to bear, it cannot, however, be removed from consideration here:

The monetary issue will mainly be realized through the hearing of denied motions and the failures of the due process of law and petitions.

This suit is to remove/void orders obtained by unconstitutional methods, and to allow motions and petitions that were filed properly and in a timely manner to be heard by a non-bias

[7] Boag v. MacDougall, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982);

Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)(quoting Cnley v. Gibson, 355 U.S. 4, 45-46, 78 S.Ct. 99 2 L.Ed 2d 80 (1957); Haines v. Kerner, 404 U.S. 519, 92 S.Ct 594, 30 L.Ed 2d 652 (1972); McDowell v. Delaware State Police, 88 F.3d 188, 189 (3rd Cir. 1996); United States v. Day, 969 F.2d 39, 42 (3rd Cir. 1992) (holding pro se petition cannot be held to same standard as pleadings drafted by attorneys); Then v. I.N.S., 58 F.Supp. 422, 429 (D.N.J. 1999).

Entity.[8] Further, it is to relieve the Plaintiff from arrest and incarceration, or various other sanctions upon reasonable assertion of his rights under the Constitution.

This suit seeks to punish no one-it simply seeks to obtain the rights that under Constitutional theory, should already be the Plaintiff's.

Once again, I am not asking that anyone be punished-I am asking for the overturning of judicial orders that should have been legally and Constitutionally impossible to

"The Court must always liberally construe pleadings filed by pro se litigants; but in Presiding Judge Arlington Municipal Court Judge Leticia Evans, nor her colleagues: **Associate Judge:** Danielle Dulaney, **Associate Judge:** Bret Stidham cannot as well represent City of Arlington,TX Municipal Court will present Murchison to show that Judges cannot preside where fairness would be question and where they have a financial interest in the outcome because of their full time status.

Seeking:

$250,000,000.00 Million from Arlington, TX

$250,000,000.00 City of Dallas, TX

$100,000,000.00 million from US Attorney Generals office US Northern District of Texas.

$100,000,000.00 for each District Attorney involved listed below
**Phil Sorrells, District Attorney Tarrant County, TX**
401 West Belknap
Fort Worth, Texas 76196

Frank Crowley Courts Building
LB 19 Frank Crowley Courts Building,
133 N Riverfront Blvd,
Dallas, TX 75207
Amber Givens Dallas County, TX

Wherefore plaintiff prays this Court issue equitable relief as follows:

1. Issue injunctive relief commanding defendants to . . .

2. Issue declaratory relief as this Court deems appropriate just.

3. Issue other relief as this Court deems appropriate and just.

4. Award plaintiff his costs of litigation.

Respectfully submitted,

8/5/2026

Ernest Henderson

Date

6640 Abrams Road #820151

Dallas, TX 75382

(817)466-6637

E-MAIL: ernesthenderson613@gmail.com