IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERNEST HENDERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-2915-B-BN |
| | § | |
| ARLINGTON MUNICIPAL COURT, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Without paying the statutory filing fee, Plaintiff Ernest Henderson filed a complaint *pro se*. *See* Dkt. No. 3. And United States District Judge Jane J. Boyle referred Henderson's complaint to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint with prejudice as frivolous.

**Discussion**

A district court is required to screen a civil complaint filed *in forma pauperis* (that is, without payment of the filing fee) and may summarily dismiss that complaint (or any portion of it) if the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per

curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006)), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177; citation omitted).

"[F]airness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)); *see also Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

And these findings, conclusions, and recommendations provide notice, while the period for filing objections affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted).

A district court's authority to dismiss an action that "fails to 'state a claim for relief that is plausible on its face'" extends to dismissal of "claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Starrett*, 763 F. App'x at 383-84 (quoting *Twombly*, 550 U.S. at 570, then *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (concluding that dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them")).

A review of Henderson's filing reflects that the complaint presents claims and allegations that qualify as clearly baseless, irrational, or wholly incredible, requiring dismissal with prejudice. Much of the pleading is disjointed and difficult to decipher but appears to allege a conspiracy against Henderson by this Court, the Dallas Police Department, the Arlington Police Department, and certain municipal courts, as well as other courts, prosecutors, and law enforcement. *See* Dkt. No. 3.

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Henderson has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, Henderson could allege cogent and viable legal claims. Thus, the undersigned concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

**Sanctions**

And, because of his frivolous filing history in this Court, Henderson has been "warned that continuing his established practice of filing lawsuits that are frivolous or over which a federal court lacks subject matter jurisdiction could result in sanctions that could restrict his ability to file lawsuits pro se and in forma pauperis or subject him to monetary sanctions or any other sanctions the Court deems appropriate." *Henderson v. Tolliver*, No. 3:25-cv-53-B-BN, Dkt. No. 8 (N.D. Tex. Feb. 18, 2025); *see also Henderson v. U.S. Dist. Ct. for the N. Dist. of Tex.*, No. 3:24-cv-3130-S-BK, Dkt. No. 11 (N.D. Tex. Feb. 5, 2025) ("The Court warns Plaintiff that if he persists in filing frivolous or baseless lawsuits, he may be barred from bringing any new action or he may be subject to any other sanctions the Court deems appropriate.").

Another action brought by Henderson in this Court was dismissed for lack of prosecution. *See Henderson v. Public Storage*, No. 3:26-cv-44-N-BK, Dkt. No. 9 (N.D. Tex. Apr. 15, 2026). And three other actions brought *in forma pauperis* in this Court since October 2024 remain in screening. *See Henderson v. City of Dallas*, No. 3:24-cv-2487-N-BW (N.D. Tex.); *Henderson v. City of Dallas*, No. 3:24-cv-2940-K-BW (N.D. Tex.); *Henderson v. Wheless*, No. 3:26-cv-991-D-BK (N.D. Tex.).

And Henderson has also filed cases in other federal courts nationwide. Like this case, most of his complaints concerned grievances against judges, court personnel, law enforcement officers, and other individuals he encounters. *See, e.g.*, *Henderson v. McMahan*, No. 3:24cv319 (W.D. Ky. filed May 24, 2024); *Henderson v.*

*Sutherland*, No. 3:22-CV-426 (W.D. Tex. filed Aug. 18, 2022).

While many of his actions were dismissed for lack of prosecution, at least five have been dismissed as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e)(2). *See Henderson v. Land*, 4:16-CV-32, 2016 WL 1532243, *1-2 (M.D. Ga. Apr. 15, 2016); *Henderson v. Tomlinson*, No. 4:16-CV-130 (M.D. Ga. Apr. 27, 2016); *Henderson v. Treadwell*, No. 4:16- CV-184 (M.D. Ga. July 12, 2016); *Henderson v. Jones*, No. 4:16-CV-142 (M.D. Ga. Aug. 23, 2016); *Henderson v. Tennessee*, No. 1:20-CV-0004, 2020 WL 2739615, *4 (E.D. Tenn. May 6, 2020)

Based on Henderson's filing history and continuing pattern of filing frivolous and duplicative actions despite express warning by the Court regarding the consequences for doing so, sanctions should be imposed. And Henderson should be barred from filing future actions in this district without first obtaining leave.

**Recommendation**

The Court should dismiss the complaint with prejudice as frivolous. And the Court should bar Henderson from filing future actions in this district without first obtaining leave of court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 28, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE